[Docket No. 14.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ABELARDO OROZCO,<br><br>Defendant. | Crim. No. 24-795 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

Defendant Abelardo Orozco asks this Court to overturn Magistrate Judge Waldor's decision to detain him pending trial. [Docket No. 14.] Orozco contends detention is unnecessary because the Court can impose conditions to reasonably assure the public's safety and his appearance, like home detention. The Government counters, arguing detention is necessary because Orozco poses a threat to the community. Having reviewed the record anew, as well as Orozco's moving papers, and the Government's opposition thereto, and after considering the factors under 18 U.S.C. § 3142(g), the Court agrees that detention is necessary to protect the public's safety. So the Court affirms Judge Waldor's decision.

## I. BACKGROUND

### A. The Investigation

In April 2024, Essex County Sheriff's Officers learned from a confidential informant that Orozco trafficked heroin throughout Newark and East Orange. [Def. Mem. of Law in Supp. of Appeal 2, Ex. 3 (Search Warrant Affidavit) (Docket Nos. 18, 18-3).] Officers started surveilling Orozco and saw him engaging in what they suspected were hand-to-hand drug

deals. [*Id.*] Then, using an informant, the officers orchestrated a few controlled buys of drugs off Orozco. [*Id.*]

Given their investigation, officers obtained a search warrant for Orozco's apartment and a car that he used. [*Id.*] When the officers arrived at the apartment, they encountered Orozco and his nine-year old child. [*Id.* Ex. 2 (Police Report) (Docket No. 18-2).] The officers searched the apartment, finding guns, ammunition, and drug paraphernalia scattered throughout. [*Id.*] They recovered: (1) a loaded assault rifle with a high-capacity magazine having a defaced serial number; (2) a loaded 9-mm pistol with a high-capacity magazine; and (3) over a hundred rounds of ammunition (in multiple calibers). [*Id.*] The officers found the loaded assault rifle in Orozco's bedroom and the loaded pistol in a cross-body bag in the kitchen. [*Id.*]

The officers charged Orozco with several weapons offenses and endangering the welfare of a child. [*Id.*] At that time, Orozco had pending New Jersey state criminal charges for aggravated assault and unlawful possession of a weapon. [*Id.*, Ex. 5 (Arrest Report) (Docket No. 18-5).] Orozco had allegedly kicked down an apartment door and pointed a pistol at two individuals. [Pretrial Services Report 6-7 (Dec. 30, 2024) (PSR).] A New Jersey state court granted Orozco pretrial release on those charges. [*Id.*; *see also* Gov't Opp'n to Def. Appeal 2 (Gov't Br.) (Docket No. 20).]

A federal grand jury eventually indicted Orozco for felon-in-possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), based on the assault rifle, pistol, and ammunition found in his apartment. [Docket No. 1.]

## B. The Bail Hearing

Following the indictment, Orozco initially consented to detention. He eventually moved for bail asking to be released from custody. He had proposed a bail package consisting of two third-party custodians and other conditions that the Court deemed appropriate. [Bail Hr'g Tr. 5:17 to 6:15 (Docket No. 17).] Pretrial Services approved the proposed third-party custodians. [Memorandum from Pretrial Services to the Hon. Cathy L. Waldor, U.S.M.J. re. Supplemental Investigation on Bail 1 (Feb. 20, 2025) (Pretrial Mem.).] Yet Pretrial Services maintained its recommendation that Orozco be detained. [*Id.* at 5; PSR at 9.] To support his bail motion, Orozco presented several character letters. [Def. Br. at 3, Ex. 4 (Docket No. 18-4).]

Judge Waldor denied Orozco's bail motion, finding he presents a danger to the community. [Bail Hr'g Tr. 14:9 to 14.] Given his pending charges and the weight of the evidence, Judge Waldor was "well convinced that [Orozco is] a danger to the community and that any kind of conditions would not secure the community." [*Id.* at 14:12 to 14.] The Judge ordered Orozco detained pending trial. [Docket No. 11.]

## II. DISCUSSION

When a magistrate judge orders a defendant detained pending trial, the defendant can appeal that detention order to the district court. 18 U.S.C. § 3145(b). A district court reviews a magistrate judge's detention order anew. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). District courts need not hold a new evidentiary hearing and may rule on the record established before the magistrate judge. *United States v. Wimbush*, 2021 WL 1811668, at *4 (D.N.J. May 6, 2021); *see also United States v. Talbert*, 2020 WL 6048788, at *3 (W.D. Pa. Oct. 13, 2020) (explaining *de novo* review in district court "does not require an additional or

3

independent evidentiary hearing . . ., and the court may incorporate the transcript of the proceeding before the magistrate judge, including any admitted exhibits").

The Bail Reform Act requires courts to detain a defendant pending trial if the court determines that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). To determine whether to detain a defendant, courts consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,] and whether he was on bond, probation, or parole at the time of the charged offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*United States v. Holley*, 2022 WL 683032, at *2 (D.N.J. Mar. 8, 2022) (quoting 18 U.S.C. § 3142(g)). Generally, the Government shoulders the burden to show detention is necessary but the burden differs depending on the reason for detention: preponderance of the evidence for flight risk and clear and convincing evidence for danger to the community. *See, e.g.*, *United States v. Kaetz*, 2021 WL 37925, at *4 (D.N.J. Jan. 4, 2021); *see also* 18 U.S.C. § 3142(f).

Here, having reviewed the record anew and after considering the factors under 18 U.S.C. § 3142(g), the Court finds the Government has shown, by clear and convincing evidence, that Orozco presents a danger to the community.

Starting with the nature and circumstances of the offense charged and the weight of evidence factors, 18 U.S.C. § 3142(g)(1)-(2), they favor detention. Presuming Orozco

innocent of the crime charged, *see id.* § 3142(j), law enforcement officers allegedly recovered a small cache of weapons and ammunition from Orozco's apartment; the assault rifle's serial number defaced. Possession of multiple weapons, including an assault rifle with a defaced serial number, and a large amount of ammunition are strong indicators of danger to the community. *See United States v. Gonzalez*, 675 F. Supp. 208, 210-211 (D.N.J. 1987) (detaining defendant pending trial, reasoning that defendant presented a danger to the community where law enforcement recovered "two fully loaded automatic weapons at . . . defendant's residence" and finding those "dangerous weapons constitute[d] independent evidence of the threat to the public posed by this defendant"); *see also Wimbush*, 2021 WL 1811668, at *4 (denying appeal of detention order, finding the "underlying circumstances of [defendant's] arrest demonstrate that [he] poses a threat to the community" where defendant was arrested and his vehicle contained drugs and "several semi-automatic firearms and hundreds of rounds of ammunition" including an "unserialized" assault rifle).

And the weight of evidence against Orozco appears strong. The record reveals that during their investigation, law enforcement officers observed Orozco's comings-and-goings from the apartment building (where the firearms were later found) either before or after having allegedly sold drugs. [Search Warrant Affidavit.] And when the officers executed the search warrant at the apartment, only Orozco and his child were present. [Police Report.] During their search, the officers recovered flash drives bearing Orozco's name among the firearms, ammunition, and drug paraphernalia found. [*Id.*] So the weight of the evidence factor favors detention.

Turning to Orozco's history and characteristics and whether he poses a danger to others or the community, 18 U.S.C. § 3142(g)(3)-(4), the Court finds those factors too favor

5

detention. Orozco has a 2016 robbery conviction and a 2018 drug-trafficking conviction. [Arrest Report.] On top of those convictions, Orozco was arrested and charged for aggravated assault and a firearm offense. [*Id.*] Orozco allegedly kicked a door down and pointed a gun at two individuals. [PSR at 6-7; *see also* Gov't Br. at 2.] Those charges are still pending. 18 U.S.C. § 3142(g)(3)(A) (including "past conduct" as relevant to "history and characteristics" of defendant); *see also United States v. Childs*, 2024 WL 4803786, at *2 (D.N.J. Nov. 15, 2024) (denying motion to be released from custody, finding defendant presented a danger to the community because, among other reasons, defendant had prior arrests for aggravated assault with a firearm, domestic violence, and simple assault). Orozco's convictions and pending state-charges illustrate a pattern of escalating violent conduct.

Worse, Orozco allegedly possessed the firearms and ammunition in his apartment while on pretrial release for his state-aggravated assault and -firearm charges. [PSR at 6-7; *see also* Gov't Br. at 2.] Orozco's alleged willingness to commit crimes while on pretrial release shows his danger to the community. *See, e.g.*, *United States v. Bentley*, 2013 WL 5918338, at *7 (W.D. Pa. Nov. 1, 2013) (detaining defendant pending trial, reasoning that defendant would pose a danger to the community if released because, among other reasons, defendant committed the charged offenses while on pretrial release for state-level charges); *see also United States v. Carroll*, 2024 WL 4336729, at *6 (E.D. Pa. Sept. 27, 2024) (denying appeal of detention order because, among other reasons, defendant committed the charged offenses while on probation); 18 U.S.C. § 3142(g)(3)(B) (requiring courts to consider whether defendant on "release pending trial" for a state-level offense).

And Orozco's offers of third-party custodians and home detention as acceptable conditions of release do not assuage this Court's concerns about his danger to the community.

Indeed, home detention (even with electronic monitoring) will not guarantee the public's safety. *United States v. Abdullahu*, 488 F. Supp. 2d 433, 444 (D.N.J. 2007) ("[E]lectronic monitoring and home confinement do not guarantee that defendant will not flee or endanger the community."). The Court doubts Orozco would even follow any condition of release the Court would impose given his alleged unwillingness to remain crime-free when on pretrial release for his pending state-charges. *United States v. Jackson*, 2020 WL 3056444, at *6 (D.N.J. June 9, 2020) ("Most tellingly, Defendant committed the present offense for which he has pled guilty while out on pretrial release. This establishes an obvious willingness to violate conditions of release.").

Also, the fact that the proposed third-party custodians share infant children with Orozco gives this Court great concern given his conduct alleged here. [*See* Pretrial Mem. at 1; *see also* Def. Br. at 3, Ex. 4 (letters from proposed third-party custodians).] Up top, the Court noted that when law enforcement executed the search warrant at Orozco's apartment, the officers observed a nine-year old child with him. [Police Report.] The officers recovered weapons and ammunition scattered throughout the apartment. [*Id*.] The officers recovered a loaded pistol in a bag in the apartment's kitchen. [*Id*.] Orozco's child could have easily accessed that weapon and tragedy struck. The record before this Court suggests recklessness beyond measure. And Orozco's child's presence did not stop him from committing the crimes alleged here.

To sum up, the Court finds the Government has shown by clear and convincing evidence that Orozco presents a danger to the community. Like Judge Waldor, this Court too is "well convinced" that there are no conditions this Court could impose that would

ensure the public's safety. 18 U.S.C. § 3142(e). So the Court affirms Judge Waldor's detention order.

## III. CONCLUSION

For the above reasons, the Court **DENIES** Defendant's appeal of Magistrate Judge Waldor's detention order (Docket No. 14). Defendant will be detained pending trial. An accompanying Order of today's date shall issue.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge

Dated: May 27, 2025